NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 09-2318
_____

UNITED STATES OF AMERICA

v.

KARL PONDS,
                                        *Appellant*

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cr-00483-001)
District Judge:  Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2012

Before: SLOVITER, RENDELL, and HARDIMAN, Circuit Judges

(Filed September 24, 2012)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Karl Ponds appeals his conviction under 18 U.S.C. § 922(g)(1) of possession of a firearm by a convicted felon and his sentence of 120-months' imprisonment. He argues that (1) the evidence was insufficient to sustain the conviction and, as such, that trial counsel was ineffective in not seeking a judgment of acquittal, (2) the District Court erred by refusing to instruct the jury on the defense of justification, and (3) his sentence is unreasonable. We will affirm.

## I.

## Background

Philadelphia Police Officer Michael Tritz ("Tritz") drove to the 5100 block of Arch Street with his partner, Officer Timothy Dougherty ("Dougherty"), in response to a radio call about a shooting. As the officers pulled onto the block, Tritz turned on the vehicle's high-powered spotlight. He saw Karl Ponds ("Karl" or "Ponds") on the sidewalk holding a gun in his right hand and his nephew William Ponds ("William") a few feet away holding a drink.

Tritz put the vehicle in park, jumped out with his weapon drawn, ordered Karl to get on the ground, and handcuffed him. Tritz then collected the sawed-off shotgun that Karl had placed on the sidewalk. Tritz walked Karl to the police car to search him, at which point Karl said, "This ain't my gun. You didn't see me with that. If you's going to put it on me, you can put it on me." Supp. App. at 11. When Tritz searched Karl, he found a black and white adult-sized skeleton face mask in the back pocket of his pants.

2

Two weeks prior to this incident, Karl had been released from federal prison after serving a seven-year sentence for a previous conviction under § 922(g)(1).

William was walking away from Karl when the officers arrived. As Tritz apprehended Karl, Dougherty exited the vehicle and apprehended William. Dougherty did not see either Karl or William holding the sawed-off shotgun, but he saw Tritz recover the gun from the ground where Karl had been standing. William told the officers that he was the victim of the shooting earlier that evening. He was later charged with possession of the shotgun.

Karl Ponds was charged with possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). At his jury trial, Ponds testified that the gun and ammunition belonged to William, who had retrieved them because "somebody was shooting at him." Supp. App. 107-08, 117. According to Ponds, he arrived at his sister's house at 5137 Arch Street and saw William coming down the steps with a gun in his hand. Ponds admitted that he took the gun and placed it on the ground, but explained that he only did so because "I didn't want [William] to accidentally shoot me because he was drinking" and "I was actually afraid that I might get shot with that gun." Supp. App. at 105, 118.

Both before and after Ponds testified, the District Court and the parties discussed whether a jury instruction regarding the defense of justification would be appropriate. The Court ultimately granted the Government's objection to the defense, concluding that the evidence, viewed in the light most favorable to Ponds, did not establish the

immediacy element as defined by this court in *United States v. Alston*, 526 F.3d 91, 97 (3d Cir. 2008). Ponds was convicted.

At the sentencing hearing, the Government moved for an upward departure from the Guidelines range of 92-115 months' imprisonment, arguing that Ponds' criminal history category was inadequate to reflect the seriousness of his past criminal conduct and his likelihood of committing future crimes. The District Court denied the Government's motion, but found that a "modest variance" of five months above the advisory Guidelines range was warranted based on Ponds' "ironclad incorrigibility and utter lack of remorse." Supp. App. at 156-57. The District Court thus sentenced Ponds to the statutory maximum term of 120-months imprisonment. Ponds appeals his conviction and sentence.

## II.

### Analysis

The District Court had jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

A. Sufficiency of the Evidence

Ponds argues that there was insufficient evidence to support his conviction, and that trial counsel was ineffective for failing to seek a judgment of acquittal. In reviewing claims as to the sufficiency of evidence, we draw all inferences in favor of the jury verdict. *See United States v. Riley*, 621 F.3d 312, 329 (3d Cir. 2010). Because Ponds did

4

not file a motion for acquittal, this court reviews his sufficiency claim under a plain error standard.  *See United States v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002).

To establish that Ponds violated 18 U.S.C. § 922(g)(1), the Government must prove beyond a reasonable doubt that (1) Ponds had a prior felony conviction punishable by more than one year imprisonment; (2) the firearm traveled in interstate commerce; and (3) Ponds "knowingly possessed" the firearm.  *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000).  The first two elements were stipulated at trial, and Ponds contests only the sufficiency of the evidence of the "knowing possession" element.  To prove this element, the Government only needed to prove Ponds' awareness that he possessed a firearm.  *See id.*

Karl Ponds testified that he "took the gun away [from William] and just placed it on the ground."  Supp. App. at 105.  Even this brief possession of the firearm is sufficient to support a conviction under § 922(g)(1).  *See, e.g.*, *United States v. Mercado*, 412 F.3d 243, 251 (1st Cir. 2005) (evidence that a defendant "held the firearm for a few seconds" could properly support a § 922(g) conviction).  Ponds' ineffective assistance claim thus also fails.[1]  *See Thomas v. Horn*, 570 F.3d 105, 121 n.7 (3d Cir. 2009) (rejecting ineffective assistance claim where there was no merit to defendant's underlying claim of error).

---

[1] While this court generally does not entertain ineffective assistance claims on direct appeal, there is a "narrow exception" when the facts in the existing record are "sufficient to allow determination of ineffective assistance of counsel."  *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991).

B. Justification Defense

A defendant charged with being a felon in possession of a firearm under § 922(g)(1) may succeed with a justification defense if he proves the following four elements by a preponderance of the evidence: "(1) that the defendant or someone else was under unlawful and present threat of death or serious bodily injury; (2) that the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative that would avoid both the criminal conduct and the threatened death or injury; and (4) that there was a direct causal relationship between the criminal act and the avoidance of the threatened harm." *Dodd*, 225 F.3d at 342 (citing *United States v. Paolello*, 951 F.2d 537, 540-41 (3d Cir. 1991)).

Based on the evidence Ponds presented, he failed to demonstrate that an instruction as to the justification defense would be appropriate. Ponds testified that he was worried that William would "accidentally" shoot him, but William did not threaten Karl, and the justification defense is only available "where the immediacy and specificity of the threat is compelling . . . ." *Alston*, 526 F.3d at 96-97 ("The defendants who have been granted the defense faced split-second decisions where their lives, or the lives of others, were clearly at risk."). Additionally, Karl did not attempt to seek a legal alternative, such as asking William to put the gun down. Given that Karl testified that he and William "both, at the same time, laid the shotgun on the ground," Supp. App. at 113, this legal alternative may have been successful. *See Alston*, 526 F.3d at 97 ("[A]

6

defendant cannot claim justification as a defense for an illegal action that he chose to pursue in the face of other potentially effective, but legal options." (alteration in original, internal quotation marks and citation omitted)). Because Ponds failed to offer sufficient evidence as to two of the required elements of this defense, the District Court did not err by refusing to include an instruction to the jury regarding the defense of justification.

C.  Reasonableness of Sentence

Ponds argues that the District Court abused its discretion by imposing a sentence of 120 months. We review Ponds' sentence for both procedural and substantive reasonableness. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Review of the sentencing transcript reveals that the sentencing was procedurally sound, and the District Court did not abuse its discretion in finding that a "modest variance" above the advisory Guidelines range was justified by the 18 U.S.C. § 3553(a) factors. Supp. App. at 156. Ponds' 120-month statutory maximum sentence was neither procedurally nor substantively unreasonable, and is thus affirmed.

## III.

## Conclusion

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.